In the Matter of the Application of Isaac Goldberg for an Order Reinstating Mechanic's Lien Filed by Isaac Goldberg against The Bell Realty Corporation as Owner in Fee of Premises 389–397 Clinton Avenue, in the Borough of Brooklyn, City and State of New York, for $7,500, which Mechanic's Lien Was Discharged by an Order of this Court Made and Entered February 11th, 1924.

Supreme Court, Kings Special Term, June 13, 1924.

Liens — mechanic's lien — motion to vacate order which vacated orders canceling mechanic's lien against premises filed upon bonds given by surety company — motion to vacate granted where present owner of premises had no notice of application for order — surety company bound by acts of agents issuing bonds discharging liens — bonds approved as to form, manner of execution and sufficiency of surety by justice of Supreme Court — property purchased in belief orders canceling liens were regular.

A motion by the present owner of premises to vacate an order which by its terms vacated two other orders canceling and discharging of record two mechanics' liens filed against the property upon bonds given by a surety company will be

granted where no notice of the application for the order sought to be vacated was served on the owner, since as to him the order is a nullity.

The motion to vacate the order also will be granted and the surety company deemed bound by the acts of its agents in issuing the bonds where it appears that the owner purchased the property in reliance upon the orders canceling the liens, which orders were predicated upon bonds approved of as to form, manner of execution and sufficiency of surety by a justice of the Supreme Court; and that as to the surety company's claim that the acts of its agents in discharging the liens were unauthorized there is evidence indicating that the agents had been intrusted with apparent authority to issue bonds and received fees for so doing and were accepted by the court and public as authorized agents.

*It seems,* that if a surety company, authorized to do business in this state, can under such circumstances as exist in the instant case repudiate its obligations no justice of the Supreme Court is justified in approving a bond submitted for approval to him unless it be executed in his presence by an officer of the surety company.

MOTION to vacate orders canceling and discharging of record a certain mechanic's lien.

*Edward M. Perry,* for William Montgomery Crane, petitioner.

*Samuel Hellinger (Edward M. O. Pratt,* of counsel), for Isaac Goldberg.

*Samuel Y. Gitlin,* for Jacob Greenbaum & Son.

*Teitelbaum & Jay,* for Capital City Surety Company.

BENEDICT, J. This is a motion by William M. Crane, the purchaser of a certain parcel of real property known as Nos. 389 to 397 Clinton avenue, Brooklyn, to vacate an order of this court dated on March 29, 1924, which, by its terms, vacated two certain other orders of this court bearing date respectively February 6 and 11, 1924, which latter orders canceled and discharged of record the mechanic's lien filed by Isaac Goldberg and the mechanic's lien filed by Jacob Greenbaum and Morris Greenbaum against the said real property upon the bonds given by the Capital City Surety Company as surety. Acting on the faith of the orders so made and in the belief that such orders directing the cancellation of such liens on the giving of such bonds were regular, the present owner, immediately thereafter on February 11, 1924, accepted a deed to said real property which he had previously contracted to purchase, and paid the purchase price of the same. The money of the present owner, Crane, having thus been paid over by him in consequence of those proceedings, the next step that appears was the assertion of a claim on the part of this surety company that Ira E. May, the agent who acted for it jointly with one Florence Lawley in the execution of the two bonds for $8,000 and $7,000, respectively, on which the court had acted in discharging the two mechanics' liens referred to, was not authorized by the terms of his power of attorney

to issue such bonds, and that the surety company repudiated any liability thereunder and this notwithstanding the fact that such authority appeared on the face of the printed power of attorney annexed to each of the bonds, which power of attorney bore the impressed seal of the surety company and was authenticated by one Rudolph M. Crosswell, as assistant secretary to the company, by a certificate dated on the same day as the bonds. This same Crosswell deposes under date of May 19, 1924, in opposition to the present motion, that he is an assistant secretary of said company and that May did not have authority from the company to execute bonds discharging mechanics' liens. No explanation is made as to how the words " and discharge mechanics' liens " came to be inserted in the list of bonds or other obligations which said May had the conceded power to sign jointly with Florence Lawley, and no statement of Florence Lawley is furnished as to the condition of the printed power of attorney annexed to the bonds which she signed. Moreover, Crosswell does not explain why he on January 29, 1924, and also on February 9, 1924, issued the additional certificates, duly sworn to by him on those days before a notary public, and firmly affixed to the said bonds and copies of said power of attorney nor why he did not then observe that the words above mentioned were typewritten on the face of the copies of May's power of attorney. These bonds were presented to a justice of this court and approved by him as to form, manner of execution and sufficiency of surety. If a surety company, authorized to do business in this state, can under such circumstances as existed in this case, repudiate its obligations, then no justice of this court is justified in approving a bond submitted for approval to him, unless it be executed in his presence by an officer of the surety company. Of course, such a requirement would suspend the business of the giving and approval of court bonds on the part of surety companies which conduct a lucrative business as well as one which is a convenience to the public. In my judgment no surety company ought to escape liability by reason of the lack of authority on the part of its own chosen servants where there are intrusted to such servants blank forms or papers with the apparent authority to issue them and receive fees for so doing, especially where the courts and the public have accepted the acts of the agents clothed with such apparent authority. To permit such a wrong where parties would suffer damage would be unthinkable.

Because the counsel for all parties in this case have agreed to submit the matter to me on its merits and have requested me to consider the whole matter, I shall hold that the surety company is bound by the acts of its agents in issuing these bonds, and that

the motion to vacate the order of this court dated on March 29, 1924, should be granted.

I may add in conclusion that, in any event, the motion of Mr. Crane, the present owner, to vacate said order must be granted, as far as he is concerned, because he did not receive any notice of the application for the order sought now to be vacated. As to him it is a nullity and should be stricken from the record, as, by its terms, it attempts to reinstate the mechanics' liens referred to thereby creating a cloud or apparent lien on the property of the moving party.

Motion granted, no costs. Settle order on notice.

Ordered accordingly.